IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SUAREZ, ROBERT FRIEDLAND, and EUGENE LUCENTE, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE W. HAYMAN, et al., <br><br> Defendants. | HON. JEROME B. SIMANDLE <br><br> Civil No. 06-2782 (JBS) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court on its own motion.  THIS COURT FINDS AS FOLLOWS:

    1.  Plaintiffs Suarez, Friedland, and Lucente filed this action when they were confined at the Mid State Correctional Facility ("MSCF") in Wrightstown, New Jersey.  In their Complaint, Plaintiffs alleged numerous claims against multiple state and federal government officials, including an Eighth Amendment claim alleging that the drinking water at MSCF was contaminated.

    2.  Plaintiffs filed an application to proceed in forma pauperis ("IFP"), which this Court reviewed pursuant to 28 U.S.C. §§ 1915 and 1915A.  In its December 13, 2006 Opinion and Order, (Docket Items 3 and 4), the Court granted Suarez's application to proceed IFP but found that

> [t]he other named plaintiffs, Friedland and Lucente, have not submitted any IFP application, nor have they paid the

> $350.00 filing fee.  As each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions, this Court will direct the Clerk to provide plaintiffs, Friedland and Lucente, with IFP applications and these plaintiffs will be allowed to submit their complete IFP applications, with their respective six-month prison account statements, within 30 days; otherwise, plaintiffs Friedland and Lucente will be deemed withdrawn from the Complaint.

(Docket Item 3) (citations omitted).  While Friedland subsequently filed an application to proceed IFP, Lucente failed to do so.  Based on Lucente's failure to file an IFP application, and in accordance with its December 13, 2006 Opinion, the Court finds that Lucente has withdrawn from the Complaint.

    3.  On December 7, 2007, mail from the Court sent to Plaintiff Friedland was returned to the Clerk as undeliverable.

    4.  On December 11, 2007, mail from the Court sent to Plaintiff Suarez was returned to the Clerk as undeliverable.

    5.  Plaintiffs have failed to comply with Local Civil Rule 10.1(a), which requires unrepresented parties to advise the Court of any change in address within five days.

    6.  Finding that Lucente has withdrawn from the Complaint, and that Plaintiffs Friedland and Suarez have not complied with Local Civil Rule 10.1(a), the Court will administratively

terminate this action.  Defendants' motion to dismiss will be denied as moot.  The accompanying Order will be entered.

**June 12, 2008**                          **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           United States District Judge